## J. C. McKinley *v.* Commonwealth.

**Criminal Law—Sending Threatening Letter—Indictment.**
> A motion to quash an indictment charging a defendant with having sent a threatening letter should be sustained where the threatening letter charged to have been sent was not set out either literally or substantially in the indictment.

**Motion to Quash—Demurrer.**
> A motion to quash an indictment is equivalent to a demurrer.

### APPEAL FROM HENDERSON CIRCUIT COURT.

September 11, 1878.

OPINION BY JUDGE ELLIOTT:

This indictment charges the defendant with having sent one P. B. Matthews a threatening letter "in which he threatened to fill Henderson with circulars, a copy of which was enclosed in said letter and in which he falsely charged said Matthews with maliciously lying, with breaking his engagements, violating his word, and other acts calculated to injure and degrade said Matthews in the community, unless said Matthews would by a named day send $128 to the wife of said McKinley at Louisville, Kentucky, said letter being

signed by McKinley and designed to extort money from said Matthews."

By Art. 6, Chap. 29, Sec. 3 of the General Statutes, it is made a felony to knowingly send to another a letter threatening to kill him or do him or his wife or children harm, or burn or destroy his house or other property, or to accuse him or his wife of a felony with the intention to extort money, etc., from him.

This indictment, it seems, was not drawn under this law, but under an act to amend Chap. 28 of the Revised Statutes, approved April 11, 1873. By Section 1 of this Act it is provided that "If any person shall send circulars or exhibit or put up a threatening notice or letter signed with such person's own and their names, or anonymously, he shall on conviction thereof be fined not less than one nor more than five hundred dollars, and imprisoned in the county jail not less than three months.

The letter and circular referred to in this indictment were produced and read before the court and jury on the trial over the objections and exceptions of the appellant, his motion to quash the indictment having been previously overruled and excepted to. We are of the opinion that the court should have sustained appellant's motion to quash the indictment because the threatening letter charged to have been sent to Matthews was not set out either literally or substantially in the indictment.

It was necessary to set out the contents of the letter, not only to inform the defendant of the offense charged, but to enable the court to determine whether the letter thus sent to Matthews was such a one as would amount to a violation of the statute.

It is stated as a general principle in Wharton's American Criminal Law, page 308, that "When a written instrument enters into the gist of the offense, as in forgery, passing counterfeit money, selling lottery tickets, sending threatening letters, libel, etc., they should be set out in words and figures. In forgery, as will be seen hereafter, the indictment may run that the prisoner forged a paper writing to the tenor and effect following. An exact copy of the instrument in words and figures must then be set forth to enable the court to see whether the false making of it is in law considered as forgery, and the same rule applies to indictments for threatening letters."

The same doctrine is laid down by Bishop on Criminal Procedure, Sections 971, 972, 973 and 974.

The Code requires that the offense of the accused shall be stated, and where the act consists of sending a threatening letter it is insufficiently stated unless its contents are stated in the indictment, for the court. cannot know that the law has been violated unless the contents of the latter are embraced in the indictment.

As the indictment was insufficient we regard a motion to quash as equivalent to a demurrer, and if not, by a provision of the Code the court is authorized at any stage of a criminal or penal proceeding to quash an insufficient indictment, and in this case it was its duty so to do on appellant's motion.

Wherefore the judgment is *reversed* and cause remanded with directions to dismiss the indictment.

*W. P. D. Bush, for appellant. Moss, for appellee.*